FILED
2007 NOV -2 PM 5:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JUNE 2007 GRAND JURY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 07- **CR07-01223** |
| Plaintiff, | ) ) | I N D I C T M E N T |
| v. | ) ) | [18 U.S.C. 371: Conspiracy, 31 U.S.C. §§ 5324(a)(1), (a)(3): Structuring Financial Transactions; 18 U.S.C. § 2: Aiding and Abetting/Causing an Act to be Done; 31 U.S.C. § 5324(d): Enhanced Penalty for Aggravated Cases; 31 U.S.C. § 5317(c)(1): Criminal Forfeiture] |
| MOUSSA MAHMOUD MATAR, MOHAMAD MOUSSA MATAR, and ALI MOUSSA MATAR, | ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371; 31 U.S.C. §§ 5324(a)(1),(a)(3), 5324(d)(2)]

[Conspiracy to Structure Financial Transactions]

INTRODUCTION

1. At all times relevant to this Indictment, defendant MOUSSA MAHMOUD MATAR ("MOUSSA MATAR") was an individual who resided in Cudahy, California, in Los Angeles County, within the Central District of California.

2. From at least January 2002, through October 2007,

defendant MOUSSA MATAR owned and operated a business known as Denim Palace, Inc. ("Denim Palace"), which engaged in the business of selling clothing and other merchandise. Denim Palace operated five stores located in the Central District of California. Two stores were located in Los Angeles County, specifically, in the cities of Maywood and San Fernando. Two stores were located in San Bernardino County, specifically, in the cities of Chino and Fontana. One store was located in Riverside County, specifically, in the city of Indio.

3. At all times relevant to this Indictment, defendants MOHAMAD MOUSSA MATAR ("MOHAMAD MATAR") and ALI MOUSSA MATAR ("ALI MATAR") were sons of defendant MOUSSA MATAR who would assist defendant MOUSSA MATAR from time to time in the operation of Denim Palace and conduct financial transactions on behalf of Denim Palace.

4. From approximately August 18, 2006, through October 2007, defendant MOUSSA MATAR maintained the following five bank accounts, each in the name of Denim Palace, at Bank of America:

| Acct. No. | Bank of America branch | Date opened |
| --- | --- | --- |
| Ending in 516 | Broadway/Manchester Banking Center, 8564 So. Broadway, Los Angeles 90003 | 03/07/03 |
| Ending in 923 | Broadway/Manchester Banking Center, 8564 So. Broadway, Los Angeles 90003 | 09/19/03 |
| Ending in 268 | Broadway/Manchester Banking Center, 8564 So. Broadway, Los Angeles 90003 | 11/18/04 |
| Ending in 090 | 3810 S. Santa Fe Ave., Vernon, CA | 08/31/05 |

| | | |
|---|---|---|
| Ending in 456 | 3810 S. Santa Fe Ave., Vernon, CA | 08/18/06 |

5.  At all times relevant to this Indictment, pursuant to Title 31, United States Code, Section 5313, and regulations thereunder, including 31 Code of Federal Regulations (C.F.R.) Sections 103.22, and 103.27-28, domestic financial institutions were required to prepare and file Currency Transaction Reports ("CTRs") to report cash transactions over $10,000.00. To complete the CTR form, such financial institutions were required to verify and record the name and address of the person presenting the transaction, and the identity, account number, and social security or taxpayer identification number, if any, of any person or entity on whose behalf the transaction was to be effected.  It was a crime under Title 31, United States Code, Section 5324, to knowingly cause or attempt to cause a financial institution to fail to file a CTR, with the intent of evading the Currency Transaction Report filing requirement (the "CTR filing requirement").  It was also a crime under Title 31, United States Code, Section 5324 to knowingly structure transactions with financial institutions, that is, conduct or attempt to conduct one or more transactions in currency, in any amount, at one or more financial institutions on one or more days, in any manner, for the purpose of evading the CTR requirements under Section 5313 of Title 31 and 31 C.F.R. § 103.22.

6.  From on or about November 1, 2006, through in or about October 2007, defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, deposited, and caused to be deposited, currency and cash into the accounts

listed in paragraph 4 above.

A. <u>OBJECTS OF THE CONSPIRACY</u>

7. Beginning in or around November 2006, and continuing to on or about October 16, 2007, in Los Angeles County, Riverside County, and San Bernardino County, within the Central District of California, and elsewhere, defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit the following offenses against the United States:

    a) to cause and attempt to cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Section 5313 and the regulations prescribed under such section, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), in violation of Title 31, United States Code, Section 5324(a)(1); and

    b) to structure cash deposits at domestic financial institutions, for the purpose of evading the reporting requirements of Title 31, United States Code, section 5313(a), in violation of Title 31, United States Code, Section 5324(a)(3).

B. <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

8. The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

9. Defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, would take a quantity of cash that exceeded $10,000 and divide it into

4

separate deposits, each of which was under $10,000. Defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, would then deposit the separate sums of money into the same Denim Palace account at Bank of America on the same day, but at different times, in order to attempt to evade the requirement that the bank file a report as to all cash deposits over $10,000.

10. Defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, would take a quantity of cash that exceeded $10,000 and divide it into separate deposits, each of which was under $10,000. Defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, would then deposit each sum of money into a different Denim Palace account at Bank of America on the same day, in order to attempt to evade the requirement that the bank file a report as to all cash deposits over $10,000.

11. Defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, would take a quantity of cash that exceeded $10,000 and divide it into smaller quantities, each of which was under $10,000. Defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR, and others known and unknown to the Grand Jury, would then deposit one smaller sum of money per day on successive days into one or more of the Denim Palace accounts at Bank of America, in order to evade the requirement that the bank file a report as to all cash deposits over $10,000 made on a single day.

C. OVERT ACTS

12. In furtherance of the conspiracy and to accomplish the

1  objects of the conspiracy, defendants MOUSSA MATAR, MOHAMAD
2  MATAR, and ALI MATAR, and others known and unknown to the Grand
3  Jury, committed various overt acts within the Central District of
4  California, and elsewhere, including but not limited to the
5  following:
6      Overt act 1: On or about November 27, 2006, at approximately
7  1:55 p.m., an unknown conspirator deposited $9,500 in cash into
8  Denim Palace account number ending in 456 at the Bank of America
9  in Bell, California.
10     Overt act 2: On or about November 27, 2006, at approximately
11 3:40 p.m., defendant MOUSSA MATAR deposited $9,980.00 in cash
12 into Denim Palace account number ending in 516 at the Bank of
13 America in Bell, California.
14     Overt act 3: On or about January 8, 2007, at approximately
15 1:59 p.m., an unknown conspirator deposited $9,800 in cash into
16 Denim Palace account number ending in 923 at the Bank of America
17 in Indio, California.
18     Overt act 4: On or about January 8, 2007, at approximately
19 5:02 p.m., defendant MOUSSA MATAR deposited $9,585.00 in cash
20 into Denim Palace account number ending in 268 at the Bank of
21 America in Bell, California.
22     Overt act 5: On or about April 2, 2007, at an unknown time,
23 an unknown conspirator deposited $8,150 in cash into Denim Palace
24 account number ending in 923 at the Bank of America in Indio,
25 California.
26     Overt act 6: On or about April 2, 2007, at approximately
27 10:56 a.m., an unknown conspirator deposited $5,790 in cash into
28 Denim Palace account number ending in 456 at the Bank of America

in Chino, California.

Overt act 7: On or about April 2, 2007, at approximately 12:52 p.m., an unknown conspirator deposited $9,960 in cash into Denim Palace account number ending in 516 at the Bank of America in Bell, California.

Overt act 8: On or about April 2, 2007, at approximately 5:52 p.m., defendant MOUSSA MATAR deposited $9,950 in cash into Denim Palace account number ending in 268 at the Bank of America in Bell, California.

Overt act 9: On or about April 10, 2007, at approximately 5:52 p.m., defendant MOUSSA MATAR deposited $9,620.00 in cash into Denim Palace account number ending in 516 at the Bank of America in Bell, California.

Overt act 10: On or about April 11, 2007, at approximately 4:24 p.m., an unknown conspirator deposited $9,800 in cash into Denim Palace account ending in 923 at the Bank of America in Indio, California.

Overt act 11: On or about April 12, 2007, at approximately 5:54 p.m., defendant MOUSSA MATAR deposited $9,250 in cash into Denim Palace account number ending in 516 at the Bank of America in Bell, California.

Overt act 12: On or about May 14, 2007, at approximately 9:15 a.m., an unknown conspirator deposited $5,500 in cash into Denim Palace account number ending in 516 at the Bank of America in Bell, California.

Overt act 13: On or about May 14, 2007, at approximately 2:16 p.m., an unknown conspirator deposited $9,150 in cash into Denim Palace account number ending in 516 at the Bank of America

in Bell, California.

Overt act 14: On or about May 15, 2007, at approximately 12:24 p.m., defendant ALI MATAR deposited $8,080 in cash into Denim Palace account number ending in 516 at the Bank of America in San Fernando, California.

Overt act 15: On or about May 29, 2007, at approximately 9:20 a.m., an unknown conspirator deposited $5,300 in cash into Denim Palace account number ending in 516 at the Bank of America in Bell, California.

Overt act 16: On or about May 29, 2007, at approximately 12:30 p.m., an unknown conspirator deposited $9,200 in cash into Denim Palace account number ending in 516 at the Bank of America in San Fernando, California.

Overt act 17: On or about May 30, 2007, at approximately 4:02 p.m., defendant MOHAMAD MATAR deposited $8,250.00 in cash into Denim Palace account number ending in 516 at the Bank of America in Bell, California.

COUNTS TWO THROUGH FOUR

[31 U.S.C. §§ 5324(a)(1), 5324(d); 18 U.S.C. § 2]

[Structuring Financial Transactions;
Aiding and Abetting/Causing an Act to Be Done;
Enhanced Penalty for Aggravated Cases]

13. The Grand Jury realleges and incorporates by reference paragraphs 1 through 5 and 9 through 12.

14. On or about the dates set forth below, in the Counties of Los Angeles, San Bernardino, and Riverside, in the Central District of California, and elsewhere, defendant MOUSSA MAHMOUD MATAR ("MOUSSA MATAR"), for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did cause and attempt to cause, and did aid, abet, counsel, command, induce, and procure actions that caused and attempted to cause, Bank of America, a domestic financial institution, to fail to file a report required under provisions of law identified in Title 31, United States Code, Section 5324, including section 5313(a) and any regulations prescribed thereunder, in violation of Title 31, United States Code, Section 5324(a)(1) and Title 18, United States Code, Section 2, in the transactions described as follows:

| Count | Date(s) | Description of Transactions |
|---|---|---|
| TWO | November 27, 2006 | Deposit of $9,500 cash into Denim Palace account 456 and deposit of $9,980 cash into Denim Palace account 516 |
| THREE | January 8, 2007 | Deposit of $9,800 cash into Denim Palace account 923 and deposit of $9,585 cash into Denim Palace account 268 |
| FOUR | April 2, 2007 | Deposit of $8,150 cash into Denim Palace account 923, deposit of $5,790 cash into |

9

|   |   |
|---|---|
|   | Denim Palace account 456, deposit of $9,960 cash into Denim Palace account 516, and deposit of $9,950 cash into Denim Palace account 268 |

15.  The Grand Jury further charges that defendant MOUSSA MATAR committed the above-noted violations as alleged in counts two through four as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

## COUNTS FIVE THROUGH SEVEN

[31 U.S.C. §§ 5324(a)(3), 5324(d); 18 U.S.C. § 2]

[Structuring Financial Transactions;
Aiding and Abetting/Causing an Act to Be Done;
Enhanced Penalty for Aggravated Cases]

16. The Grand Jury realleges and incorporates by reference paragraphs 1 through 5 and 9 through 12.

17. On or about the dates set forth below, in the Counties of Los Angeles and Riverside, in the Central District of California, and elsewhere, the defendants set forth below, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, did structure, assist in structuring, attempt to structure, and aid, abet, counsel, command, induce, and procure the structuring of, transactions with the domestic financial institution Bank of America, in violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2, by depositing and causing to be deposited currency in the amounts set forth below:

| Count | Defendant | Date(s) | Description of Transactions |
|---|---|---|---|
| FIVE | MOUSSA MATAR | April 10-12, 2007 | Deposit of $9,620 cash on April 10, 2007, into Denim Palace account 516; deposit of $9,800 cash on April 11, 2007, into Denim Palace account 923; and deposit of $9,250 cash on April 12, 2007, into Denim Palace account 516 |

11

| | | | |
|---|---|---|---|
| SIX | ALI MATAR<br>MOUSSA MATAR | May 14-15, 2007 | Deposit of $9,150 cash on May 14, 2007, into Denim Palace account 516, and deposit of $8,080 cash on May 15, 2007, into the same Denim Palace account |
| SEVEN | MOHAMAD MATAR<br>MOUSSA MATAR | May 29-30, 2007 | Deposit of $9,200 cash on May 29, 2007, into Denim Palace account 516, and deposit of $8,250 cash on May 30, 2007, into the same Denim Palace account |

18.  The Grand Jury further charges that defendants MOUSSA MATAR, MOHAMAD MATAR, and ALI MATAR committed the above-noted violations as alleged in counts five through seven as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

COUNT EIGHT

[31 U.S.C. § 5317(c)(1)]

[Criminal Forfeiture]

19. Pursuant to Title 31, United States Code, Section 5317(c)(1), each defendant who is convicted of one or more of the offenses set forth in counts one through seven shall forfeit to the United States the following property:

    a. All property, real or personal, involved in the offense and any property traceable thereto;

    b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

20. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 19, if, by any act or omission of the defendant, the property described in paragraph 19, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the

//
//
//
//
//
//
//
//

jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

EILEEN M. DECKER
Assistant United States Attorney
Chief, National Security Section

JANET C. HUDSON
Assistant United States Attorney
National Security Section